THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | Case No. C10-1107-JCC |
| Plaintiff, | CONSENT DECREE |
| v. | |
| GRESHAM TRANSFER, | |
| Defendant. | |

This matter comes before the Court on the parties' joint motion for entry of a consent decree (Dkt. No. 14) and the United States' letter of nonobjection (Dkt. No. 16). The Court GRANTS the motion.

WHEREAS, Plaintiff Waste Action Project filed a Complaint against Defendant Gresham Transfer Inc. on July 7, 2010, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorney fees and costs;

WHEREAS, Defendant denies any fault, wrongdoing, or liability for all claims and alleged violations;

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional

ORDER, C10-1107-JCC
PAGE - 1

litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, without trial, adjudication, or admission of any issues of fact or law with respect to Plaintiff's claims or allegations and without admission of any fact, allegation, or legal argument contained in Plaintiff's sixty (60) day notice or complaint in this action, consent to the entry of this Consent Decree.

NOW THEREFORE, upon consent of the parties and upon consideration of the mutual promises herein contained, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 24300 Pacific Highway South, Kent, Washington (the "facility"). The facility does not include the area in the northeast corner of Defendant's property leased to Condon-Johnson & Associates.

5. This Consent Decree constitutes the exclusive remedy and a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree, which claims are released and dismissed with prejudice. Enforcement of this Decree shall be the exclusive remedy of the plaintiff for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law and shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR-004483 (the "NPDES permit") and any successor, modified, or replacement permit;

    b. Not later than December 31, 2010, Defendant shall complete its rock-placement project so that rock is placed in all areas of regular traffic at the facility. Not later than 30 days after completion of this project, Defendant shall provide written confirmation to Plaintiff;

    c. Not later than October 15, 2010, Defendant shall clean out dirt buildup from its stormwater pond and provide written confirmation to Plaintiff of completion of this task no later than 30-days from completion;

    d. Defendant shall inspect its stormwater pond once per year for dirt buildup and clean out the pond as necessary. Defendant's stormwater pollution prevention plan ("SWPPP") shall include these requirements;

    e. Defendant shall inspect its French drains for sediment buildup on a quarterly basis, include criteria for inspection, clean out the drain as necessary, and amend its SWPPP to include these measures;

    f. Defendant shall, for a period of two years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or

electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports. These copies shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter;

8. Not later than thirty days after the date of entry of this Decree, Defendant shall make two payments each in the amount of $8,000.00 (EIGHT THOUSAND DOLLARS) (for a total of $16,000.00 (SIXTEEN THOUSAND DOLLARS)) for the Auburn Narrows Natural Area Project that is described in Attachment A to this Decree. Such payments shall be made by check payable and mailed to King County Department of Natural Resources, attn: Mark Isaacson, 201 S. Jackson St., Ste. 600, Seattle, WA 98104-3855, (with notation "Auburn Narrows Natural Area), and Green Duwamish Watershed Alliance, c/o Department of Veterans Affairs, Veterans Conservation Corps, attn: Mark Fischer, P.O. Box 401155, Olympia, WA 98504-1155 (with notation "VCC/Auburn Narrows Natural Area"), with copies to Plaintiff.

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $10,000.00 (TEN THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10. Defendant shall comply with all requirements of this Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of Defendant (a "force majeure event" as defined below), which causes a delay in performing tasks required by this Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that Defendant has submitted written notification to Plaintiff no later than fifteen (15) days after the date that Defendant first concludes that such event has caused or will cause noncompliance, describing the length or anticipated length of noncompliance, the precise

circumstances causing noncompliance, the measures taken or to be taken to prevent or minimize noncompliance, and a schedule for implementation of the measure to be taken.

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of the Defendant and cannot be overcome by diligence:

 a. Acts of God, war, insurrection, or civil disturbance;

 b. Earthquakes, landslides, fire, floods;

 c. Actions or inactions of third parties over which defendant has no control;

 d. Unusually adverse weather conditions;

 e. Restraint by court order or order of public authority;

 f. Strikes; and

 g. Any other litigation or arbitration or mediation that causes delay.

Provided that Defendant complies with the notice provision of this paragraph, then in the event that Defendant fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, Defendant's failure to comply, as described in the written notice to Plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

11. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 13. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing

motions with the court.

12. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).

13. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

14. The rule of construing ambiguities against the drafting party shall not apply to this Decree.

15. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

16. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Waste Action Project, P.O. Box 4832, Seattle, WA 98104. Notifications required by this Decree to be made to Defendant shall be mailed to Gresham Transfer Inc., P.O. Box 699, Fairview, OR 97024_Attention: Rick Ulmer and David Ulmer.

DATED this 3rd day of February 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE



## King County

**Water and Land Resources Division**

Department of Natural Resources and Parks
King Street Center
201 South Jackson Street, Suite 600
Seattle, WA 98104-3855
**206-296-6519**   Fax 206-296-0192
TTY Relay: 711

November 3, 2010

Richard Smith, Attorney
Smith and Lowney, PLLC
2317 E. John Street
Seattle, WA 98112

RE: **Waste Action Project (Green Duwamish Watershed Alliance) v. Gresham Transfer Consent Decree; Auburn Narrows Habitat Restoration Project**

Dear Mr. Smith:

I would like to describe a restoration project that would be implemented by the King County Department of Natural Resources and Parks, Water and Land Resources Division (WLRD) through funding provided under the proposed Consent Degree presented to the Court in the Waste Action Project v. Gresham Transfer Consent Decree. This restoration activity would take place on King County-owned property, for which WLRD is the County custodial agency, at Auburn Narrows Natural Area just east of the City of Auburn. If $8,000 is provided to King County, the funds will be used to enhance a degraded portion of this natural area, including removal of invasive plants, preparing the site for planting, and the planting of native vegetation. This project will benefit fish and wildlife habitat and improve water quality in a natural area adjacent to the Green River.

If funding is received prior to the end of the typical planting season of October 1 and December 31 of 2010, the project can be implemented this year. However, if funding is received after December 31, 2010, implementation will have to wait until the fall of 2011.

I have read the draft Consent Decree providing for this money to be transmitted to the County. The County will provide notification to Waste Action Project, the Court, and the United States Department of Justice when the project has been completed and will verify that the funds provided by the settlement have been expended as indicated by the Consent Decree.

For questions regarding this project, please call Sarah Ogier, Regional Partnerships Supervisor at 206-263-6519 or email sarah.ogier@kingcounty.gov.

Sincerely,

Mark Isaacson
Division Director

ATTACHMENT A (cont.)



STATE OF WASHINGTON
## DEPARTMENT OF VETERANS AFFAIRS
## VETERANS CONSERVATION CORPS

1102 Quince St SE • PO Box 41155 • Olympia, Washington 98504-1155
(360) 725-2224

September 28, 2009

To Whom It May Concern,

As program manager for the Veterans Conservation Corp, I am requesting that the Waste Action Project v. Gresham Transfer Consent Decree funding be utilized for the Auburn Narrows restoration project. The Veterans Conservation Corps has provided training, through Green River CC, over the years, to several small veteran owned businesses that do habitat restoration. The VCC funding will be administered by the Green-Duwamish Watershed Alliance as the fiscal agent that disperse funds for restoration work completed as specified by King County Department of Natural Resources in the Auburn Narrows Natural Area.

The Veterans Conservation Corps' mission is to help conserve our natural resources, one of those resources being our veterans and their futures. By supporting green job training programs and veteran owned businesses we hope to conserve both nature and the veterans who work to preserve it. In addition to these small businesses doing the work, some volunteer and intern veteran crews may also become involved with this restoration work. Thank for your consideration.

I have reviewed the Consent Decree in this matter, and will report to the Court and Department of Justice when the project funded by this Consent Decree is completed

Respectfully Submitted,

*Mark Fischer* (signature)

Mark Fischer
Veterans Conservation Corps Program Manager